IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAN JUANITA BRENDA-JIMENEZ, )<br>    ID # 49407-177, )<br>        Movant, )<br>vs. )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | <br><br><br>No. 3:16-CV-1292-B-BH<br>No. 3:15-CR-150-B<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 10, 2016 (doc. 2), should be **DENIED** with prejudice.

**I.  BACKGROUND**

San Juanita Brenda-Jimenez (Movant) challenges her federal conviction and sentence in Cause No. 3:15-CR-150-B.  The respondent is the United States of America (Government).

On April 21, 2015, Movant was charged by indictment with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2). (*See* doc. 1.)[1]  She pled guilty on July 14, 2015.  (*See* doc. 16.)

On September 24, 2015, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 21-1 at 5, ¶ 22.)  Because Movant had two prior felony convictions for crimes of violence that were counted as a single sentence, the base offense level under USSG § 2L1.2(a) was 8. (*See id*. at 6, ¶

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-150-B.

23.) Sixteen offense levels were added under USSG § 2L1.2(b) because she had been deported after a felony conviction for robbery, which was a crime of violence. (*See id.*, ¶ 24.) Three levels were deducted for acceptance of responsibility under USSG § 3E1.1. (*See id.*, ¶¶ 30, 31.) With a total offense level of 21 and a criminal history category of four, the resulting guideline range was 57-71 months of imprisonment. (*See id.* at 12, ¶ 77.)

Movant received a sentence of 36 months' imprisonment. (*See* doc. 28 at 2.) The appeal was dismissed on her motion. (*See* doc. 31); *United States v. Brenda-Jimenez*, No. 15-11274 (5th Cir. Feb. 3, 2016).

Movant now contends that a sentencing guideline that increased her offense level was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and that her prior conviction for burglary should not have been used to enhance her as a career offender. (3:16-CV-1292-B, doc. 2 at 4-8.) The Government filed a response on July 11, 2016. (*Id.*, doc. 5.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their

2

direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. *JOHNSON* CLAIM

Movant contends that the use of prior convictions for a crime of violence to increase her sentence under the sentencing guidelines violated her right to due process under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Her claim lacks merit.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because she was not sentenced under the ACCA. Her offense level was based on a prior conviction for a crime of violence under USSG § 2L1.2(b). The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). Movant is not entitled to relief on her *Johnson* claim.

## IV. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 16th day of January, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE